## Case No. 15,356.

UNITED STATES v. HERMANCE et al.

[24 Int. Rev. Rec. 111.]

District Court, S. D. New York. 1877.[1]

INTERNAL REVENUE LAWS—PAYMENT OF TAX—ABSCONDING COLLECTOR—LIABILITY OF SURETIES.

[Placing in the hands of a collector money intended as payment of the tax on spirits, without receiving the proper stamps therefor, is not a payment of the tax so as to render the collector's sureties liable for the same in case the collector converts it to his own use; and, if the collector absconds with the money, the subsequent issuance of the proper stamps to the distiller by direction of the commissioner of internal revenue, cannot create any liability on the part of the sureties.]

This was an action against Henry L. Hermance and others as sureties upon the official bond of John T. Curtis, collector of internal revenue for the Thirteenth collec-

[1] [Affirmed in Case No. 15,355.]

tion district of New York. A distiller had paid to a deputy-collector a sum of money intended as payment of the tax on certain brandies, without receiving the stamps required by law to be affixed to the casks. The money was turned over to the collector who converted the same to his own use and absconded. Thereafter, by direction of the commissioner of internal revenue, the acting collector of the district issued to the distiller the proper stamps, against the protest of the sureties on the collector's official bond, and the question in this suit is, whether they are liable for the money in question.

R. M. Sherman, Asst. U. S. Dist. Atty.
P. Cantine, for defendants.

BLATCHFORD, District Judge. I am of opinion that the placing of the moneys in the hands of Mr. Curtis by the distillers was not the payment of the tax to the United States in such wise as to make the sureties on the bond of Mr. Curtis liable for such moneys. The payment of the tax was not complete. The receipt of the stamps by the distillers was a part of the payment of the tax. When Mr. Curtis absconded the stamps were still in the possession of the United States. They were subsequently given to the distillers by order of the commissioner of internal revenue after notice from the sureties not to do so. The United States could not, by such act, create a liability in the sureties which did not before exist. Let a verdict be entered for the defendants.

[The case was taken to the circuit court upon a writ of error to review the judgment of this court, which judgment was there affirmed. Case No. 15,355.]